**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Gary L. Sharpe, | : | |
| 918 Villa Florenza Drive | | |
| Naples, Florida  34119, | : | |
| | | |
| and, | : | |
| | | |
| Health Care Logistics, Inc. | : | |
| 450 Town Street | | |
| Circleville, Ohio  43113, | : | |
| | | |
| Plaintiffs, | : | Case No. 09-813 |
| | | |
| v. | : | District Judge |
| | | |
| United Parcel Service, Inc. | : | Magistrate Judge |
| 55 Glenlake Parkway, NE | : | |
| Atlanta, Georgia  30328, | | |
| | : | |
| Defendant. | | |
| | : | |

**COMPLAINT**
**(Jury Demand Endorsed Hereon)**

Plaintiffs Gary L. Sharpe, and Health Care Logistics, Inc., by their attorneys and for their Complaint, allege as follows:

**The Parties**

1. Plaintiff Gary L. Sharpe is a resident of the State of Florida.  Plaintiff Health Care Logistics, Inc. is a corporation formed and existing under the laws of the State of Ohio, in good standing, with its principal place of business in Circleville, Ohio.

2. Upon information and belief, Defendant is a corporation formed and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

1

**Jurisdiction and Venue**

3. This is an action for trademark infringement under 15 U.S.C. §1114(1); for false designation of origin under 15 U.S.C. § 1125(a); and for state common law trademark infringement and unfair competition claims.

4. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a). Subject matter jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1338(b) and 1367(a).

5. Venue in this court is based on 28 U.S.C. §§ 1391(b) and (c).

**Factual Background**

6. On September 14, 1978, Health Care Logistics, Inc. ("HCL") was formed for the purpose of selling various products via direct sales and catalog sales to the healthcare industry in the United States and worldwide.

7. Gary L. Sharpe ("Sharpe") is the founder, sole director, and sole shareholder of Health Care Logistics, Inc.

8. On July 30, 1984, Sharpe granted an exclusive license to HCL for unlimited use of the Mark. See Exhibit A.

9. On April 21, 1987, Sharpe registered the federal trademark "Health Care Logistics, Inc." ("the Mark") in order to, among other things, protect the good will, good name, and national reputation of the company he formed. See Exhibit B.

10. On November 15, 2007, Sharpe properly renewed the Mark with the United States Patent and Trademark Office.

11. Over the years, HCL has spent a considerable amount of money and exercised great effort in advertising and establishing the Mark in the minds of consumers as an identifier of HCL's high-quality goods and services.

12. Plaintiffs became aware of Defendant's use of the mark "Healthcare Logistics" and notified Defendant of Plaintiffs' federal and common law rights in the Mark.

13. Despite requests to cease and desist, Defendant continues to infringe the Mark.

14. Defendant's use of the "Healthcare Logistics" mark is likely to cause consumers to believe that HCL's and UPS's goods and services originate from the same source or are somehow related or that HCL is licensing, endorsing, authorizing, sponsoring, or is in some way associated with Defendant's services.

15. Due to the existing business relationship among the parties, Defendant's infringement constitutes a willful and malicious violation of Plaintiffs' trademark rights, aimed at preventing Plaintiffs from continuing to build a business around the Mark they have long possessed and used.

16. Upon information and belief, Defendant is deriving a profit from the services it sells under the "Healthcare Logistics" mark because the services must be purchased from Defendant.

17. HCL has been, and continues to be, injured by Defendant's unlawful acts within the State of Ohio and within this judicial District.

### **Count I – Federal Trademark Infringement Under 15 U.S.C. § 1114(1)**

18. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs 1-17.

19. Defendant's use of Plaintiff's registered trademark is likely to cause confusion, to cause mistake, or to deceive consumers as to the source or origin of Defendant's goods and services.

20. The above-described acts of Defendant constitute trademark infringement in violation of Section 32 of the Lanham Trademark Act (15 U.S.C. § 1114).

21. Defendant's acts of infringement of the Mark for commercial purposes and financial gain have caused and are causing great and irreparable harm to HCL, to the Mark, and to the business and goodwill represented by the Mark, in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving HCL with no adequate remedy at law.

22. Defendant's acts have been willful, deliberate, and intended to benefit Defendant at HCL's expense.

23. By reason of the foregoing, HCL is entitled to injunctive relief against Defendant and, after trial, to recovery of any damages proven to have been caused by reason of Defendant's acts of trademark infringement.

### Count II – False Designation of Origin Under 15 U.S.C. §1125(a)

24. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs 1-23.

25. Defendant's use of the Mark in the manner described above is likely to cause consumers to mistakenly believe that Defendant has an affiliation with HCL, that Defendant's goods and services are sponsored or approved by HCL, or that Defendant is otherwise associated with or has obtained permission from HCL.

26. Defendant's acts of unfair competition have caused irreparable injury to Plaintiff's goodwill and reputation in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

27. By reason of the foregoing, HCL is entitled to injunctive relief against Defendant and, after trial, to recovery of any damages proven to have been caused by Defendant's acts of false designation of origin.

### Count III – Deceptive Trade Practices Under Ohio Statutory and Common Law

28. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs 1-27.

29. Defendant's conduct as more fully described herein constitutes deceptive trade practices within the meaning of Ohio Revised Code § 4165, *et seq*.

30. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease this deceptive trade practice, as well as money damages, together with attorneys fees pursuant to Ohio Revised Code § 4165.03.

### Count IV – Trademark Infringement, Unfair Competition, and Injury to Business Reputation, Under the Common Law of the State of Ohio

31. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs 1-30.

32. Defendant's conduct as described above constitutes trademark infringement, unfair competition, and injury to business reputation in violation of HCL's rights under the common law of the State of Ohio.

### Count V – Injunctive Relief

33. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

34. Plaintiffs are entitled to preliminary and permanent injunctive relief enjoining Defendant from infringing the Mark.

35. Plaintiffs are likely to succeed on the merits of all of their underlying claims because, as explained above, Defendant knowingly and maliciously causes confusion, mistake, and deception among consumers by infringing the Mark.

36. If Defendant is not enjoined, Plaintiffs will continue to suffer irreparable harm including, but not limited to, loss of business, competitive advantage, and goodwill, for which there is no adequate remedy at law.

37. The potential injury to the Defendant is minimal and does not outweigh the potential injuries to Plaintiffs if Defendant is not enjoined. A proper injunction would not prevent the Defendant from conducting business without infringing the Mark.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in HCL's favor as follows:

a. Declare that Defendant's unauthorized conduct violates HCL's rights under the Lanham Act and the common law of the State of Ohio and declare Defendant liable on each of the causes of action enumerated in this Complaint.

b. Declare that Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from using the Mark, or any colorable imitation thereof.

c. Direct Defendant to provide a complete accounting of its infringing activities.

d. Order Defendant, pursuant to 15 U.S.C. §1116, to serve on HCL within thirty (30) days after service on Defendant of the requested preliminary or permanent injunction order, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

  e. Award restitution to HCL in the amount of Defendant's profits on its use of the Mark.

  f. Award HCL its actual damages sustained by Defendant's infringement.

  g. Award HCL its costs and disbursements incurred in connection with this action, including reasonable attorney's fees and investigative expenses, on the ground this is an exceptional case under 15 U.S.C. § 1117.

  h. Award HCL such other and further relief as the Court deems just and proper.

         Respectfully submitted,

         /s/ Jeffrey S. Standley
         Jeffrey S. Standley, Trial Attorney (0047248)
         JStandley@StandleyLLP.com
         F. Michael Speed, Jr. (0067541)
         MSpeed@StandleyLLP.com
         Sarah Bansal (0084346)
         SBansal@StandleyLLP.com

         Standley Law Group LLP
         6300 Riverside Drive
         Dublin, Ohio 43017
         Telephone:  614.792.5555
         Facsimile:   614.792.5536

         Attorneys for Plaintiffs

Of Counsel for Plaintiffs:

Phillip G. Lilly (0038899)
plilly@beckerlilly.com
Becker & Lilly, LLC
100 East Broad, Suite 2320
Columbus, Ohio 43215
Telephone:  614.469.4778
Facsimile:   614.469.4779

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues contained herein.

                                             /s/ Jeffrey S. Standley
                                             An Attorney for Plaintiffs